UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CATHERINE JONES** * | | **CASE NO: 20-1369** |
|    **Plaintiff** * | | |
| * | | |
| **VERSUS** * | | **DISTRICT JUDGE:** |
| * | | |
| * | | |
| **WYNDHAM DESTINATIONS, INC. &** * | | **MAG JUDGE:** |
| **MATRIX ABSENCE** | | |
| **MANAGEMENT, INC.** | | |
|    **Defendants** | | |

## COMPLAINT

1.  Plaintiff, Catherine Jones ("Jones") or ("Plaintiff"), brings this action against Defendants, Wyndham Destinations, Inc. ("Wydnham") and Matrix Absence Management, Inc. ("Matrix") for unpaid short-term and long-term disability benefits pursuant the Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(b) and for breach of fiduciary duty pursuant to ERISA § 502(a)(3).

2.  Plaintiff is a former employee of Defendant Wydnham and at the time she became disabled was a fully vested member of a disability benefits plan ("the Plan") sponsored by Defendant Wyndham.

3.  Plaintiff became disabled due to injuries to her back, arm, leg, and foot, as well as due to internal problems, in November of 2019.

4.  Wyndham had no on-site human resources personnel at the location where Plaintiff worked, instead delegating all communication and leave management responsibilities to defendant Matrix.

1

5.      Personnel with Defendant Matrix notified Plaintiff that she may be eligible for short-term or long-term disability benefits, but provided no application or instructions for applying for benefits despite repeated requests from her workers' compensation counsel and the undersigned, who made a written request for a summary plan description and application to both Wyndham and Matrix.

6.      ERISA § 102(a)(1) states: "(a) A summary plan description of any employee benefit plan shall be furnished to participants and beneficiaries as provided in section 1024(b) of this title. The summary plan description shall include the information described in subsection (b), shall be written in a manner calculated to be understood by the average plan participant, and shall be sufficiently accurate and comprehensive to reasonably apprise such participants and beneficiaries of their rights and obligations under the plan."

7.      Despite requests, no summary plan description application, or written communication of any kind was ever provided.

## JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over the Defendants and subject matter jurisdiction over this case under 29 U.S.C. § 1132(e) and (f), without regard to jurisdictional amount or diversity of citizenship, and venue is proper in this district in that the Plan was administered in this district and the Defendants' breach of their ERISA obligations took place in this district

## FIRST CAUSE OF ACTION

(Claim for Breach of Fiduciary Duty pursuant to ERISA § 502(a)(3))

9.      ERISA § 502(a)(3) states a cause of action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this

subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

10. Defendants committed actions in violation of ERISA, and thus are liable for breach of fiduciary duty under ERISA § 502(a)(3).

11. Defendants breached their fiduciary duties to Plaintiff by failing to provide an application, failing to provide Plan documents despite request, failing to communicate with Plaintiff or her counsel, and failing to train employees or institute a process to meet their fiduciary duties under ERISA.

12. Plaintiff relied on the oral and written representations made to her by Defendants at various times that led her to believe she had disability coverage.

13. Plaintiff has suffered injury due to the breaches of Defendants and is entitled to all appropriate relief to remedy those injuries, including but not limited to injunctive relief for her benefit and the benefit of future ERISA beneficiaries. An injunction should issue ordering the Defendants to change their practices, including but not limited to the training of employees and the institution of new processes and safeguards.

## SECOND CAUSE OF ACTION

(Civil Penalties Pursuant to ERISA § 502(c))

14. ERISA § 502(c) provides for civil penalties for failure to timely provide accurate plan documents and a summary plan description. Despite written request to both Defendants, no such documents have been provided.

15. Therefore, Defendants are liable to Plaintiff for civil penalties under ERISA § 502(c) at

the full prevailing rate per day mandated by the Department of Labor and/or allowed by law.

## THIRD CAUSE OF ACTION

(Enforcement of Terms of Plan and Action for Unpaid Benefits)

16.    Plaintiff re-alleges each of the paragraphs above as if fully set forth herein.

17.    29 U.S.C. § 1132(a)(1)(B) states that: A civil action may be brought -

a. by a participant or beneficiary –

i. For the relief provided for in subsection (c) of this section, or

ii. to recover benefits due to him under the terms of her Plan, to enforce his rights under the terms of the Plan, or to clarify his rights to future benefits under the terms of the Plan.

18.    The Defendants' actions constitute an unlawful denial of benefits under ERISA, as provided in 29 U.S.C. § 1132(a)(1)(B).

19.    Defendants unlawfully denied Jones's benefits in part by: (1) Failing to provide her a reasonable application process, (1) rejecting the substantial; and (2) denying Jones a full and fair review her claim for benefits.

20.    In accordance with 29 U.S.C. §1132, Jones is entitled to be paid benefits under the Plan based upon her disabled status during her period of disability and ongoing.

21.    The Defendants has refused to provide Plaintiff with these disability benefits and is, therefore, in breach of the terms of the Plan and ERISA.

22.    As a direct and proximate result of this breach, Jones has lost the principal and the use of her rightful short-term and long-term disability benefits.

## FOURTH CAUSE OF ACTION

(Attorneys' Fees and Costs)

23. Plaintiff realleges each of the paragraphs above as if fully set forth herein.

24. Under the standards applicable to ERISA, Plaintiff deserves to recover "a reasonable attorneys' fee and costs of the action" herein, pursuant to section 502(g)(1) of E.R.I.S.A., 29 U.S.C. Section 1132(g).

25. Defendants have the ability to satisfy the award.

26. Defendants acted in bad faith in denying benefits under the Plan.

27. The award of attorneys' fees against the Defendant will deter the Defendants and similarly- situated ERISA fiduciaries from committing the same prohibited acts as in this case.

## PRAYER

28. WHEREFORE, the Plaintiff respectfully prays that the Court:

   a. Declare, adjudge, and decree that Defendants are in violation of ERISA and the terms of the Plan;

   b. Award Plaintiff all appropriate damages and equitable relief to remedy her losses as result of the Defendants' breach of their fiduciary duties and ERISA obligations;

   c. Order that the Defendant make restitution to Plaintiff in the amount of any losses sustained by Plaintiff in consequence of the wrongful conduct alleged herein, together with pre-suit, pre-judgment, and post-judgment interest;

   d. Award Plaintiff civil penalties pursuant to ERISA § 502(c) for failure to timely provide accurate plan documents and an accurate, ERISA-compliant summary plan description;

   e. Award Plaintiff the entirety of unpaid disability benefits due to her and ongoing;

   f. Award Plaintiff the costs of this action and reasonable attorneys' fees; and

g.      Award such other relief as the Court deems just and reasonable.

Respectfully submitted,

THE PELLEGRIN FIRM, L.L.C.

/s/ David C. Pellegrin, Jr.
DAVID C. PELLEGRIN, T.A. (La. Bar #34957)
3500 North Hullen Street
Suite 17D
Metairie, LA 70002
dpellegrin@pellegrinfirm.com
Phone: 504-405-3245
Fax: 1-866-651-8738